# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

RITA RENE FRANKLIN,

    Plaintiff,

v.

DOMINION ENERGY INCORPORATED
and
PUBLIC SERVICE COMPANY OF NORTH
CAROLINA INCORPORATED, *d/b/a
Dominion Energy North Carolina*,

    Defendants.

Civil Action No. TDC-22-0361

## MEMORANDUM OPINION

Plaintiff Rita R. Franklin, who is self-represented, has filed a civil action against Defendants Dominion Energy Incorporated ("DEI") and Public Service Company of North Carolina Incorporated, d/b/a Dominion Energy North Carolina ("PSCNC") in which she has alleged multiple federal and state causes of action, including a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (2018), and state law claims of debt collection without a license, fraudulent misrepresentation, fraudulent concealment, and the unauthorized practice of law. Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Having reviewed the Complaint and the briefs, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

On January 19, 2010, PSCNC filed a complaint against Franklin in the Superior Court of Wake County, North Carolina ("the First North Carolina Case") alleging that that she breached a contract by failing to pay her obligations under a financing contract for a water heater. On April 13, 2010, that court entered a default judgment against Franklin in the amount of $1,685.42, plus interest, attorney's fees, and costs.

Over the next 10 years, Franklin did not pay any part of the judgment, so PSCNC filed a second case in North Carolina on March 16, 2020 to renew the default judgment ("the Second North Carolina Case"). On April 2, 2020, Franklin filed a Motion to Dismiss, alleging in part that she was not properly served in the First North Carolina Case, that she was not presented with any evidence that PSCNC was a valid corporation, and that the alleged debts were time-barred. In the same filing, Franklin asserted certain claims against PSCNC, which the state court construed as counterclaims (collectively, "the Counterclaim"), including that PSCNC violated the FCRA, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (2022), by accessing Franklin's credit report and seeking to collect the debt, all of which caused her credit score to decline. On June 15, 2020, PSCNC filed a Motion to Dismiss and Answer to the Counterclaim as well as a Motion for Summary Judgment. On February 5, 2021, after Franklin failed to appear at a hearing on these motions, the North Carolina court dismissed Franklin's Counterclaim for failure to state a legal claim, found that PSCNC was authorized to access Franklin's credit report, and granted summary judgment against Franklin.

Meanwhile, on February 3, 2021, Franklin filed suit against PSCNC in the District Court of Maryland for Prince George's County ("the Maryland Case") alleging fraud in securing the

2

judgments in the North Carolina cases, violations of the FDCPA and the "FTC Act," collection of a debt without a license, and the unauthorized practice of law in Maryland without a license. Five days later, on February 8, 2021, Franklin sent a letter to DEI in Richmond, Virginia requesting information about the relationship between DEI and PSCNC. In response, Franklin received a February 22, 2021 letter from Pamela Keenan, an attorney at the law firm of Kirschbaum, Nanney, Keenan & Griffin, P.A. in Raleigh, North Carolina, denying her request for information. On September 13, 2021, Franklin sent a second letter, to which DEI did not respond. On March 16, 2022, Franklin voluntarily dismissed the Maryland Case.

On February 22, 2022, Franklin filed the instant action in this Court against PSCNC and DEI. Construed liberally, the presently operative Amended Complaint alleges various causes of action relating to PSCNC's advancement of the Second North Carolina Case. First, Franklin alleges that Defendants failed to comply with debt collection requirements, *see* Md. Code Ann., Cts. & Jud. Proc. § 5–1203 (LexisNexis 2020), by having the law firm of Kirschbaum, Nanney, Keena & Griffin, P.A. seek to collect a debt when the firm was not licensed as a debt collector in Maryland, and by failing to provide required documentation to validate the debt and the right of PSCNC and DEI to collect the debt. Franklin also asserts that the debt was no longer subject to collection because it is over 12 years old and that any action to collect it is time-barred.

Second, Franklin alleges that Defendants engaged in fraudulent misrepresentations, in violation of Maryland criminal law, Md. Code Ann., Crim. Law § 8–402 (LexisNexis 2021), based on the filing in April 2019 of an Assumed Business Name Certificate ("ABNC"), pursuant to North Carolina law, which was signed by individuals who were not authorized signatories. Franklin also alleges that the use of the ABNC constituted a violation of her right to privacy under the Fourth Amendment to the United States Constitution and the Privacy Act of 1974, 5 U.S.C. § 552a (2018).

3

Third, Franklin asserts a claim of fraudulent concealment, based on Keenan's refusal to provide proof of Defendants' standing to collect the debt in response to Franklin's February 8, 2021 and September 13, 2021 letters and Defendants' overall efforts to collect a debt not owed to them.

Fourth, Franklin alleges that Defendants violated the FCRA by improperly accessing and misusing her credit report without permission.

Fifth, Franklin alleges that Keenan engaged in the unauthorized practice of law, based on her response to Franklin's letters as an attorney for Defendants while not licensed to practice in Maryland or Virginia. *See* Md. Code Ann., Bus. Occ. & Prof. §§ 10-601, 10-602 (LexisNexis 2018).

## DISCUSSION

In their Motion, Defendants seek dismissal of Franklin's Amended Complaint on the grounds that (1) the claims are barred by *res judicata* and collateral estoppel; and (2) Franklin has failed to state a plausible claim for relief.

**I.   Legal Standard**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed

4

liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II. *Res Judicata*

Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). Federal courts give the same preclusive effect to a state court judgment that would be given to that judgment under the law of the State in which it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Where the judgment asserted to have preclusive effect was a judgment of a North Carolina state court, the Court applies North Carolina law relating to *res judicata*. *See id.* Under North Carolina law, "a prior adjudication on the merits in a prior suit bars a subsequent, identical cause of action between the same parties or their privies, and also prevents relitigation of claims that in the exercise of reasonable diligence, could have been presented for determination in the prior action." *Orlando Residence, Ltd. v. All. Hosp. Mgmt., LLC*, 846 S.E.2d 701, 708 (N.C. 2020) (internal citation omitted). "The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Id.* at 708–09.

Here, *res judicata* bars most of Franklin's claims. The first element is met because a final judgment was rendered in the Second North Carolina Case when the North Carolina court granted summary judgment to PSCNC on its claims and dismissed Franklin's counterclaims for failure to state a claim. "In general, a cause of action determined by an order for summary judgment is a final judgment on the merits." *Green v. Dixon*, 528 S.E.2d 51, 55 (N.C. Ct. App. 2000), *aff'd*, 535

S.E.2d 356 (N.C. 2000) (per curiam). Similarly, it is "well-settled" that a dismissal for failure to state a claim "operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice." *Hill v. West*, 657 S.E.2d 698, 700 (N.C. Ct. App. 2008); *see also Whedon v. Whedon*, 328 S.E.2d 437, 443 (N.C. 1985) (stating that "[o]rdinarily an involuntary dismissal under Rule 41(b) operates as an adjudication upon the merits and ends the lawsuit"). Therefore, the Second North Carolina Case resulted in a final judgment on the merits on both PSCNC's claims and Franklin's counterclaims.

Next, the second element of *res judicata* is met as to Franklin's claims that were or could have been asserted in the Second North Carolina Case. In her Counterclaim, Franklin challenged PSCNC's claim that the default judgment should be enforced by asserting that Defendants violated both the FDCPA and the FCRA by improperly accessing her credit report and making false reports to credit bureaus. Thus, Franklin's current FCRA claim relating to improper accessing of credit reports was already litigated.

Similarly, where Franklin asserted in her Counterclaim that PSCNC engaged in improper actions by a debt collector under the FDCPA, including seeking to collect time-barred debts, she could have asserted her present claims under Md. Code Ann. Cts. & Jud. Proc. § 5–1203 in the Second North Carolina Case. For example, where the Second North Carolina Case was filed by Keenan and her law firm, Kirschbaum, Nanney, Keenan & Griffin, P.A., on March 16, 2020, and that complaint included the specific assertion that "this law firm is a debt collector within the meaning of the Fair Debt Collection Practices Act" and that the complaint was "an attempt to collect a debt," 2d N.C. Case Compl. at 3, Compl. Ex. 1, ECF No. 1-4, Franklin could have included in her Counterclaim her present claims that the law firm is not a licensed debt collector in Maryland, that it failed to provide the proper documentation to collect the debt, and that the debt

was time-barred. Indeed, where Franklin's Counterclaim sought to invalidate the default judgment against her relating to the underlying debt, she could have and should have asserted any claims challenging the validity of the debt, including claims that the debt was invalid based on the improper use of the 2019 ABNCs, which pre-dated both the filing and resolution of the Second North Carolina Case. Therefore, the second element of *res judicata* is satisfied as to these claims that were or could have been litigated in the Second North Carolina Case.

Finally, the third element of *res judicata* is met because both Franklin and PSCNC were parties to the Second North Carolina Case, and the other plaintiff in the present action, DEI, is in privity with PSCNC. North Carolina "has consistently applied the privity concept to a variety of estoppel doctrines," including *res judicata*. *Whitacre Partnership v. Biosignia, Inc.*, 591 S.E.2d 870, 893 (N.C. 2004). Generally, "privity involves a person so identified in interest with another that he represents the same legal right." *Id.* (quoting *Tucker v. Frinzi*, 474 S.E.2d 127, 130 (N.C. 1996)). DEI is the parent company of PSCNC, and, under the present facts relating to both the Second North Carolina Case and the present case, represents the same legal rights as PSCNC. *See Smoky Mountain Enters., Inc. v. Rose*, 196 S.E.2d 189, 192 (N.C. 1973) (holding that the sole shareholder of a corporation was in privity with the corporation for purposes of *res judicata*).

Because the elements of *res judicata* are satisfied as to the claims that Franklin brought or could have brought in the Second North Carolina Case, Franklin's claims under the FCRA and Md. Code Ann. Cts. & Jud. Proc. § 5–1203, as well as any other claims challenging the validity of the debt, will be dismissed.

### III. Failure to State a Claim

In the Amended Complaint, Franklin has asserted certain claims that post-date the Second North Carolina Case and therefore could not have been litigated in that case.

7

### A.  Fraud Claims

To the extent that Franklin's claim of fraudulent misrepresentation relating to representations made in the April 2019 and other PSCNC ABNCs could be construed as arising after the Second North Carolina Case, this claim is subject to dismissal. Although Franklin cites a Maryland criminal statute relating to fraudulent misrepresentation, a private citizen lacks standing to prosecute another under a criminal statute. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). The Court therefore construes Franklin's fraudulent misrepresentation claim to be a civil claim for common law fraudulent misrepresentation.

Under Maryland law, a plaintiff in an action for fraudulent misrepresentation must show:

> that a false representation was made, that its falsity was either known to the maker or that the representation was made with such reckless indifference to the truth as to be equivalent to actual knowledge of falsity, that the representation was made for the purpose of defrauding the plaintiff, that the plaintiff not only relied on the representation but had a right to rely on it and would not have done the thing from which the injury arose had the misrepresentation not been made, and that the plaintiff actually suffered damage directly resulting from the misrepresentation.

*Swinson v. Lords Landing Vill. Condo.*, 758 A.2d 1008, 1016 (Md. 2000). Franklin alleges that there were false statements in PSCNC's ABNCs in that the signatories were not authorized signors. However, Franklin has not alleged that these statements were made for the purpose of defrauding Franklin or that she detrimentally relied on these alleged misrepresentations; rather she was unaware of them until she reviewed such documents as part of the Second North Carolina Case or the present case and has not relied upon them. Franklin therefore fails to state a claim for fraudulent misrepresentation.

Franklin also alleges fraudulent concealment based on Keenan's refusal to provide documents requested by Franklin in her letters sent on February 8, 2021 and September 13, 2021.

8

The statute cited by Franklin is plainly inapplicable here, *see* Md. Code Ann., Cts. & Jud. Proc. § 5–203, so the Court construes this claim to be a common law claim for fraudulent concealment.

Under Maryland law, to prevail on a claim of fraudulent concealment, a plaintiff must show that:

> (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

*Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 274 (Md. 2007). Here, Franklin has neither alleged in the Amended Complaint, nor offered any basis to conclude, that Keenan owed Franklin a duty to disclose the requested information in response to Franklin's letters, which were not sent as part of formal discovery in the Maryland Case, or that Defendants intended to deceive her through the refusal to respond to Franklin's requests, that Franklin detrimentally relied on the failure to produce the requested information, or that she suffered damages as a result of the withholding of the information. She has therefore failed to state a claim for fraudulent concealment.

### B. Unauthorized Practice of Law

Franklin also claims that Keenan and her law firm engaged in the unauthorized practice of law based on Keenan's February 22, 2021 letter to Franklin in response to a Franklin's February 8, 2021 letter to DEI. Regardless of whether Keenan's letter constituted the practice of law in Maryland, Franklin has failed to state a claim. Beyond the fact that Keenan is not named as a defendant, there is no private right of action against an attorney or law firm under the statutory provision for unauthorized practice of law. *See* Md. Code Ann., Bus. Occ. & Profs. §§ 10–401, 10–406 (authorizing the Maryland Attorney General and Bar Counsel to file civil actions relating to the unauthorized practice of law). Franklin fails to allege, and the Court is unaware of, any

9

private cause of action she may bring for the unauthorized practice of law. Franklin's claim for unauthorized practice of law will therefore be dismissed.

### C. Fourth Amendment and Privacy Act

Finally, Franklin's reference to the Fourth Amendment and the Privacy Act, apparently in relation to the ABNC documents, plainly does not state a claim. A claim of a violation of a constitutional rights may be asserted only against a governmental actor. *See* 42 U.S.C. § 1983 (2018); *see Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 216 (4th Cir. 1993). Likewise, the Privacy Act applies only to the federal government and its agencies. *See* 5 U.S.C. § 551(1); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981). Here, Franklin has not plausibly alleged that either PSCNC or DEI is a state actor. Accordingly, these claims will be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED. A separate Order shall issue.

Date:  October 18, 2022

THEODORE D. CHUANG
United States District Judge